### MOORE v. MARNELL.

#### (Circuit Court, N. D. New York. April 7, 1899.)

PATENTS—INVENTION AND INFRINGEMENT—APPARATUS FOR DIGGING TRENCHES.
The Moore patent, No. 524,502, for improvements in hoisting and conveying apparatus used in digging sewer trenches, construed, and *held* to show patentable invention, and also *held* infringed.

This was a suit in equity by Thomas F. Moore against Thomas Marnell for alleged infringement of a patent for improvements in apparatus used in digging sewer trenches.

George W. Hey, for complainant.
M. L. McCarthy, for defendant.

COXE, District Judge. This is an equity suit for infringement of letters patent, No. 524,502, granted to the complainant August 14, 1894, for improvements in hoisting and conveying apparatus employed in digging sewer trenches. The first claim only is involved. It is as follows: ,

"1. In a hoisting and conveying apparatus, the combination with tracks arranged lengthwise of the trench to be excavated, of a conveyer car running upon said tracks and provided with an open base frame and an open raised frame, forming an aperture for the passage of the hoisting bucket, a platform arranged on said raised frame adjacent to said aperture, and guide wheels mounted on the raised frame above said platform, and hoisting and draft cables running over said guide wheels respectively, whereby such cables are supported clear of the operator standing upon said platform, substantially as set forth."

The defenses are the usual ones, anticipation, lack of invention and noninfringement.

It is thought that the claim covers ingenious congeries, constituting a distinct improvement over anything in the prior art. The machine of the patent expedites the work of digging trenches in crowded cities without closing the streets or seriously interrupting

traffic. Only one section of the trench need be kept open, the rear of the trench being filled in proportion as the front is excavated. The machine has been received with approbation by those engaged in trench excavating and has quite generally superseded the old methods. In view of all this the court is of the opinion that it would be an injustice to Mr. Moore to classify his achievement as one within the sphere of the skilled workman only. The defendant's machine is the exact counterpart of the machine of the patent, except that his platform is not located precisely as shown in the drawings. The position of the platform is not of the essence of the invention. The claim provides for "a platform arranged on said raised frame adjacent to said aperture." The defendant has such a platform enabling the operator while standing thereon to do all the necessary work. The complainant is entitled to a decree.